SHEA & CARLYON, LTD.
JAMES PATRICK SHEA, ESQ.
Nevada Bar No. 000405
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 010949
701 Bridger Avenue, Suite 850
Las Vegas, NV 89101
Telephone: (702) 471-7432
Facsimile: (702) 471-7435
Email: jshea@sheacarlyon.com
        tosteen@sheacarlyon.com

*Counsel for City National Bank, N.A.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-10-20380-BAM<br>Chapter 11 |
| COTTON 303, LLC, | |
| Debtor. | NEGATIVE NOTICE<br>No Hearing Required Unless Opposed |
| | **STIPULATION PURSUANT TO FED. R. BANKR. P. 4001(d); REQUEST FOR APPROVAL ON NEGATIVE NOTICE** |

This stipulation (the "Stipulation") is made pursuant to Fed. R. Bankr. P. 4001(d) by and between Secured Creditor, City National Bank ("CNB"), by and through its counsel, James Patrick Shea, Esq. and Tracy M. O'Steen, Esq., of the law firm of Shea & Carlyon, Ltd.; the Debtor, Cotton 303, LLC ("Debtor"); and Ray Koroghli, Hamid Mahban, The Koroghli Family Trust, The Mahban Family Trust, TRG Trust, and 303 Investors, LLC (collectively, the "Guarantors"), by and through its counsel, Terry Leavitt, Esq., of the law firm of Graves & Leavitt, and is made with respect to the following facts:

/ / /

/ / /

1

**<u>RECITALS</u>**

A.     On October 1, 2007, CNB made a loan to ("Debtor") in the original principal amount of $4,905,946.00 (the "Loan"). The Loan was made pursuant to a Land Loan Agreement, dated October 1, 2007 (the "Loan Agreement"), and was evidenced by a promissory note of the same date (the "Note"). True and correct copies of the Loan Agreement and Note are attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively.

B.     Pursuant to the terms of the Note, the Debtor was to re-pay the Loan with monthly interest payments beginning on the first day of the calendar month in which the Note was executed and continuing on the first day of each successive calendar month thereafter, with the full amount being due within twelve (12) months after the date of the Note (the "Maturity Date").

C.     The Note is secured by a first priority deed of trust on the real property situated in Maricopa County, Arizona, (the "Property"), in favor of CNB and dated October 1, 2007 (the "Deed of Trust'). The Deed of Trust was recorded with the Maricopa County Recorder on October 29, 2007 as Book/Instrument No. 20071169228. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "3"**.

D.     On November 3, 2008, Debtor executed a Loan Revision Agreement ("Revision Agreement #1"), which, *inter alia*, extended the Maturity Date from October 1, 2008 to January 15, 2009. On February 13, 2009, Debtor executed a second Loan Revision Agreement ("Revision Agreement #2"), which, *inter alia*, extended the maturity date from January 15, 2009 to January 15, 2010. True and correct copies of Revision Agreement #1 and Revision Agreement #2 are attached hereto as **Exhibit "4"** and **Exhibit "5"**, respectively.

E.     Debtor filed for bankruptcy protection before this Court on June 3, 2010 (the

SHEA & CARLYON, LTD
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

2

"Petition Date").

F.      As of the Petition Date, the Debtor was indebted to CNB under the Note in the amount of $4,880,181.38, consisting of principal in the amount of $4,731,500.55 and accrued unpaid interest in the amount of $148,680.83, exclusive of attorneys' fees and additional post-petition unpaid interest.

G.      The Property consists of unimproved real property traditionally used for rose farming in Arizona. The Property generates minimal annual rental income from farming leases and for billboard rentals.

H.      The Debtor and CNB acknowledge that the rental income generated from the Property constitutes "cash collateral" as that term is defined in 11 U.S.C. § 363(a), and that the Debtor is prohibited under § 363(c)(2) from using such funds absent consent from CNB and/or an order of the Court authorizing the use of such funds.

I.      CNB and Debtor recognize that the upkeep of the Property will assist in procuring a timely sale, the parties' ultimate goal, and result in a net benefit to the estate. To that end, Debtor and CNB desire to enter into this agreement to provide for the limited use of CNB's cash collateral on an interim basis, to provide for adequate protection payments to be made to CNB, and to stipulate to relief from the automatic stay.

J.      The Debtor's bankruptcy case has been pending for nine (9) months. The parties wish to resolve pending issues without resorting to the filing of a plan.

K.      Pursuant to Fed. R. Bankr. P. Rule 4001(d)(2), the parties jointly request approval of this Stipulation on 15 days "negative notice" as set forth in the form Order attached hereto as **Exhibit "6"**.

/ / /

SHEA & CARLYON, LTD
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

3

## STIPULATION

1.    The parties to this Stipulation hereby acknowledge the accuracy and incorporate herein the information contained in the foregoing recitals and the amounts owed to CNB as of the Petition Date as set forth therein.

2.    The Debtor shall pay to CNB, immediately following the execution of this Stipulation and on the same day of each month after that, monthly interest only payments on the Note, at the non-default rate, in the amount of $18,300.00.

3.    On or before December 1, 2011, the Debtor shall repay the balance due under the Note in full.

4.    Debtor will continue to market the Property for sale and share the details of all such marketing efforts with CNB.

5.    The Debtor will not pledge, sign, transfer, sell or encumber any assets which constitute CNB's collateral without the prior written consent of CNB.

6.    Upon approval of this Stipulation, the automatic stay provision of 11 U.S.C. § 362 shall be vacated; however CNB will refrain from enforcing its rights and remedies absent an uncured breach as set forth herein.

7.    CNB retains any and all rights and remedies with respect to the personal guarantors of the Note, including all rights and remedies under any of its Loan Documents. CNB shall forbear from exercising any of its rights against the personal guarantors of the herein described Note only, so long as no default of this Stipulation occurs.  Should a default occur, CNB may pursue an action against the personal guarantors.

4

8.      The Debtor shall keep all expenses associated with the Property current, including, but not limited to, insurance and real property taxes, and remains solely responsible for the same.

9.      The Debtor shall not utilize cash collateral except as provided for herein. To the extent that the cash collateral is not sufficient to pay the expenses associated with the upkeep of the Property as provided herein, the Debtor is responsible for all such expenses. All remaining cash collateral of CNB, after property upkeep expenses as provided for herein, shall be paid to CNB to reduce the outstanding obligation under the Note.

10.     The Debtor shall maintain continuous insurance on the Property at the levels required by the loan documents, naming CNB as loss payee, and shall provide proof of insurance to CNB and its counsel within three (3) business days of any request. The Debtor may use CNB's cash collateral to pay the property insurance premium.

11.     The Debtor shall pay all real property taxes and discharge promptly any other amounts which could become a lien upon the Property. The Debtor may use CNB's cash collateral to pay the real property taxes of the Property.

12.     The Debtor will (i) provide monthly accounting to CNB of cash collateral collected and spent, (ii) send CNB monthly bank statements, (iii) comply with non-monetary terms of the loan documents; and (iv) provide any of the documents necessary to determine Debtor's compliance with this Stipulation.

13.     The Debtor may pay to CNB within six (6) months of the signing of this stipulation a lump sum payment to principal in the amount of $150,000.00. The Debtor may make a second payment to CNB on or before December 1, 2011 a lump sum principal payment in the amount of $100,000.00. In return for both aforementioned payments the Debtor shall

SHEA & CARLYON, LTD
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

5

have one, and only one, additional year in which to repay the balance due under the Note in full as referenced in Paragraph 3, so long as the monthly $18,300.00 interest only payments are continued to be made as stated in Paragraph 2 during that additional period and all other terms of this Stipulation are complied with.  If the conditions of this paragraph are complied with, the Debtor shall have until December 1, 2012 to repay the balance owed under the Note.

14.    Pursuant to 11 U.S.C. §§ 363(b)(2) and 552(b), CNB is granted a post-petition replacement lien in all collateral (including cash collateral) and all proceeds of the cash collateral (including, but not limited to, accessions and replacements), whether acquired prior to or subsequent to the Petition Date ("Post-Petition Replacement Lien").  The Post-Petition Replacement Lien shall have the same priority and status as CNB's pre-petition liens and encumbrances.

15.    The Post-Petition Replacement Lien shall be perfected and enforceable upon entry of an order approving this Stipulation without the necessity of filing or recording any additional documents.  To the extent that the above Post-Petition Replacement Lien provided to CNB proves to be inadequate, CNB shall have an administrative claim as provided for by 11 U.S.C. § 507(b).

16.    The following shall constitute a default under this Stipulation:

a.    The failure to maintain adequate insurance on the Property, as well as all other insurance required by applicable law, or to pay applicable property taxes;

b.    The failure to pay the monthly interest only payments as set forth herein. If any tendered payment is dishonored, all future payments must be made by wire transfer or cashier's check.

SHEA & CARLYON, LTD.
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

6

c.      The failure to pay off the balance due under the Note on or before December 1, 2011.

d.      The breach of any other obligation or covenant hereunder;

e.      The use of cash collateral in a manner not provided for by this Stipulation; and

f.      The dismissal of this case for cause.

17.    If a default occurs hereunder, CNB shall cause to be transmitted a Notice of Default to Debtor's counsel (which may be given by facsimile transmission). If the default is cured within ten (10) business days of the transmission of the Notice of Default, CNB will refrain from foreclosing as a result of that default. No notice is required to be given to the Debtor if there is a third default or if the Loan is not paid on or before December 1, 2011, except as set forth above. Upon default, CNB may enforce the provisions of this Stipulation without further order of the Court. Any cure shall include a payment of $150.00, in addition to any other sums due, and for partial payment of creditor's attorneys' fees for preparation and transmission of the Notice of Default.

18.    If a default occurs hereunder, which is not timely cured after the Notice of Default or is the third default following the service of two previous Notices of Default, CNB shall be entitled to the following relief:

a.      The automatic stay of 11 U.S.C. § 362 shall lift without further order of the Bankruptcy Court, and CNB shall be entitled to complete foreclosure or take any other action under Nevada law as to its collateral without further order of the Bankruptcy Court, State Court or any other Tribunal. (At CNB's option it may submit an *Ex Parte* Order with a copy to Debtor's Counsel). Such foreclosure shall be deemed a foreclosure as to all of CNB's

collateral, whether granted prepetition or in connection with this Stipulation, and this Stipulation shall constitute notice of foreclosure so long as the foreclosure sale as to the Property collateral is sufficiently noticed pursuant to applicable nonbankruptcy law;

        b.     The Debtor shall be prohibited from utilizing cash collateral except, if approved by the Court or CNB, for payment of only such expenses that are necessary for preservation and improvement of the property.

      19.     The Debtor hereby releases and forever discharges CNB and its related entities, employees, officers, agents, successors, assigns, sureties and insurers from any and all claims, demands, causes of action and liabilities whether at law or in equity, known or unknown, past, present or future, asserted or unasserted, and from any and all damages whether direct, indirect, consequential, liquidated or unliquidated, including, but not limited to, those that in any way arise from or out of, are connected with, or relate to the Loan and any and all documents related thereto.

      20.     The Debtor acknowledges the validity of the Loan Documents and the Debtor's obligations thereunder. The Debtor hereby waives any defenses which it may have against CNB arising from its obligations under the Loan Documents.

      21.     This Stipulation may be modified only through a written modification signed by all parties hereto and approved by order of the Bankruptcy Court.

      22.     Except as specifically provided herein, nothing contained in this Stipulation shall be construed as a waiver of any rights held by CNB under its loan documents or under applicable bankruptcy or non-bankruptcy law.

      23.     This Stipulation shall be immediately effective upon the entry of a Bankruptcy Court order approving the same.

SHEA & CARLYON, LTD
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

8

24. This Stipulation may be executed in counterparts, and a copy, facsimile, or other reproduction of any party's signature shall be valid as if an original.

25. The Debtor shall cause a copy of this Stipulation along with the Debtor's Motion to Approve to be served upon the parties as required by Fed. R. Bankr. P. 4001(d)(1) within three (3) business days from the date of this stipulation.

26. All parties hereto are deemed to have actively participated in the drafting of this Stipulation. In the event of a future dispute over the terms of this Stipulation, the Stipulation shall not be construed against any one party on the ground that such party was the "drafter" of the Stipulation.

27. Each party signing this Stipulation warrants that they have authority to do so.

28. It is the Debtor's intention upon entry of an order approving this stipulation to go forward with a Motion to Dismiss the Chapter 11 bankruptcy case. CNB hereby agrees to not oppose the Debtor's Motion to Dismiss, and the terms of this Stipulation shall survive the dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SHEA & CARLSON, LTD
701 Bridger Avenue, Suite 850
Las Vegas, Nevada 89101
(702) 471-7432

9

1        29.    Within fifteen (15) days of this Stipulation being executed by the below parties,

2    the Debtor shall take such necessary action with the Court to obtain the Court's approval of the

3    terms and conditions contained in this Stipulation.

4    DATED this ___ day of March, 2011.    DATED this ___ day of March, 2011.

5

6

7    SHEA & CARLYON, LTD.    GRAVES & LEAVITT

8

9

10   JAMES PATRICK SHEA, ESQ.    TERRY LEAVITT, ESQ.
     Nevada Bar No. 000405    Nevada Bar No. 000295

11   TRACY M. O'STEEN, ESQ.    601 S. Sixth Street
     Nevada Bar No. 010949    Las Vegas, NV 89101

12   701 Bridger Avenue, Suite 850    *Counsel for Debtor*

13   Las Vegas, NV 89101
     *Counsel for CNB*

14

15

16   RAY KOROGHLI    HAMID MAHBAN

17

18

19

20   THE KOROGHLI FAMILY TRUST    THE MAHBAN FAMILY TRUST
     DATED APRIL 7, 1997    DATED JULY 14, 2005

21

22

23   TRG TRUST DATED AUGUST 10,    303 INVESTORS, LLC
     2005

24

25

26

27

28

29.    Within fifteen (15) days of this Stipulation being executed by the below parties,

the Debtor shall take such necessary action with the Court to obtain the Court's approval of the

terms and conditions contained in this Stipulation.

DATED this ___ day of March, 2011         DATED this ___ day of March, 2011

SHEA & CARLYON, LTD.                        GRAVES & LEAVITT

JAMES PATRICK SHEA, ESQ.                    JERRY LEAVITT, ESQ.
Nevada Bar No. 000305                       Nevada Bar No. 000205
TRACY M. O'STEEN, ESQ.                      601 S. Sixth Street
Nevada Bar No. 010949                       Las Vegas, NV 89101
701 Bridger Avenue, Suite 850               Counsel for Debtor
Las Vegas, NV 89101
Counsel for CNB

RAY KOROGHLI                                HAMID MAHBAN

THE KOROGHLI FAMILY TRUST                   THE MAHBAN FAMILY TRUST
DATED APRIL 7, 1997                         DATED JULY 14, 2005

_____ TRUST DATED AUGUST 10,              303 INVESTORS, LLC
2005

10